UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LUIS MORA,<br><br>        Petitioner,<br><br>    v.<br><br>W LOTHROP, Warden,<br><br>        Respondent. | Case No. 18-cv-04257-VC (PR)<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

      Carlos Luis Mora, a federal inmate incarcerated at the Federal Correctional Institute in Phoenix, Arizona, files a petition for a writ of habeas corpus under 28 U.S.C. § 2241, naming W. Lothrop, the warden of FCI Phoenix, as the respondent. Mora has paid the $5.00 filing fee.

      The petition alleges the following: When Mora arrived at FCI Phoenix, he was "notified that he had outstanding State of California warrants in the Alameda County Sheriff's Office. The Alameda County Sheriff's Office was notified by officials at FCI Phoenix of Mora's availability to be tried on all charges. Neither the Alameda Co. Sheriff's, nor the District Attorney's Office responded." Petition, ECF No. 1 at 10-11. Mora sent a request, under the Interstate Agreement on Detainers Act ("IAD"), to the Alameda County Superior Court with copies to the Alameda County District Attorney's Office, for a speedy trial and final disposition of all indictments, complaints, detainers and warrants. The District Attorney's Office responded with a letter stating Mora had not filed the proper paperwork and, to invoke the IAD, the paperwork must be sent from the institution of incarceration, not from the inmate. Citing the IAD, Mora asked FCI Phoenix staff to request Alameda County to institute a disposition of all his outstanding warrants. FCI staff responded that they could not file under the IAD because Alameda County had not placed a "detainer" on him.

      Mora claims the Alameda County District Attorney' Office has a practice of filing

warrants on outstanding felonies and misdemeanors without filing detainers to save the costs associated with bringing defendants from other jurisdictions to Alameda County for trial but, in so doing, it is violating the IAD. Regarding himself, Mora claims the Alameda County District Attorney's Office is violating his rights under the IAD "by refusing to place a formal detainer with the federal authorities" and is violating his right to a speedy trial.

## DISCUSSION

### I. Legal Standard

The IAD, 18 U.S.C. App. II, to which California and the United States are parties, *see* Cal. Penal Code §§ 1389-1389.8; *United States v. Mauro*, 436 U.S. 340, 354 (1978), creates uniform procedures for lodging and executing a detainer, i.e., a request by the State's criminal justice agency to the institution in which the prisoner is housed to hold the prisoner for the agency or to notify the agency when release is imminent. *New York v. Hill*, 528 U.S. 110, 112 (2000).

The IAD provides a procedure by which a prisoner can demand a speedy disposition of the charges giving rise to a detainer. *Mauro*, 436 U.S. at 351. The warden having custody must promptly inform the prisoner of the source and contents of any detainer lodged against him and of his right to request final disposition of the charges. *Id.* (citing IAD art. III(c)). If the prisoner makes such a request in writing to the warden, the warden must then forward it to "the appropriate prosecuting official and court." IAD art. III(b). Failure to bring the prisoner to trial within 180 days after the proper request for trial is made requires dismissal of the indictment, information or complaint on which the detainer is based. *Mauro*, 436 U.S. at 364 (citing IAD art. V(c)).

### II. Analysis

In *Reed v. Farley*, 512 U.S. 339 (1994), the Supreme Court recognized that violations of federal statutory rights are among the "nonconstitutional lapses we have held not cognizable in a postconviction proceeding" unless the violations meet the "fundamental defect" test announced in *Hill v. United States*, 368 U.S. 424, 428 (1962). *Medellin v. Dretke*, 544 U.S. 660, 664 (2005)

(per curium). A fundamental defect is one which "inherently results in a complete miscarriage of justice" or is an "omission inconsistent with the rudimentary demands on fair procedure." *Reed*, 512 U.S. at 348-49. Only those IAD claims which meet this test are cognizable in habeas. *Id.* at 352. If a petitioner is seeking dismissal of charges and therefore challenging the detainer with a federal habeas petition, he can file his petition in the district of confinement, *see Nelson v. George*, 399 U.S. 224 (1970), or in the district which filed the detainer, provided that the custodian (or future custodian) can be reached by service of process. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495-99 (1973) (petitioner can challenge detainer prior to trial and the state issuing the detainer was appropriate custodian if petitioner sought dismissal of charges on grounds that his right to speedy trial was denied by state's failure to fulfill its affirmative duties). On the other hand, if a prisoner seeks enforcement of the IAD, his proper remedy lies in a § 1983 action. *See Cuyler v. Adams,* 449 U.S. 433, 450 (1981) (violations of IAD may give rise to a claim under § 1983). If a prisoner challenges a warrant as a detainer, a court must determine whether it is a detainer. *See Mauro*, 436 U.S. at 361 (writ of habeas corpus ad prosequendum not detainer).

Because Mora is seeking enforcement of the IAD, it is questionable whether his claim is cognizable in a habeas proceeding. However, even it if is cognizable, it still must be dismissed.

Liberally construing the allegations in the petition, it appears Mora is challenging the warrants against him as a detainer. Therefore, this Court must determine if a warrant issued in California is a detainer within the meaning of the IAD. The IAD itself has no definition of a detainer. *See Mauro*, 436 U.S. at 359. However, the House and Senate Reports "explain that a detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *Id.* (citing 1970 U.S. Code Cong. & Admin. News at 4864-65). Although the IAD is a federal law subject to federal construction, *New York v. Hill*, 528 U.S. 110, 111 (2000), substantial weight should be given to the views of state courts in construing its provisions. *People v. Oiknine*, 79 Cal. App. 4th 21, 26 (1999). In California, "a detainer is a request filed by a criminal justice agency with

the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Id.* at 23; *see also Catchman v. Nash*, 473 U.S. 716, 719 (1985) (citing 1970 U.S.C.C.A.N. at 4864). "A formal detainer must be filed before an inmate . . . may invoke the provisions of the IAD." *People v. Rhoden*, 216 Cal. App. 3d 1242, 1251 (1989). "An arrest warrant issues upon a complaint when a magistrate is satisfied from the complaint that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it. The warrant commands the arrest of the defendant but need not specify the place of the arrest." *Lohman v. Superior Court*, 69 Cal. App. 3d 894, 903-04 (1977). A complaint filed with the magistrate serves only the purpose of providing a basis for the issuance of a warrant of arrest; it does not institute criminal proceedings. *People v. Bittaker*, 48 Cal. 3d 1046, 1071 (1989), *overruled on other grounds by People v. Black*, 58 Cal. 4th 912 (2014).

Based upon the above federal and state authority, the Court finds that a warrant issued by a California magistrate authorizing the arrest of an individual is not the same as a detainer, which is issued by a criminal justice agency requesting a penal institution in another jurisdiction to hold the prisoner for the agency or to notify the agency of the prisoner's imminent release. As stated above, in California, the IAD does not come into effect until a detainer is filed. Because no detainer has been filed against Mora, the IAD is inapplicable. Therefore, even if Mora's claim is within the ambit of a habeas proceeding, it must be dismissed.

Because the IAD is inapplicable to Mora's situation, the speedy trial provisions within it are also inapplicable. Therefore, the claim based on a violation of Mora's right to a speedy trial is dismissed.

This ruling does not foreclose Mora from filing a civil rights action against the Alameda County District Attorney's Office. The Court is not suggesting that such a claim is cognizable, only that this ruling does not prevent the filing of such an action.

## CONCLUSION

The petition is dismissed without prejudice to Mora filing his claims in a civil rights

4

complaint.  A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated:   November 14, 2018

_____
VINCE CHHABRIA
United States District Judge